<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal No. 19-545 (SRC)** |
| v. | : | |
| | : | |
| JOSE PENA a/k/a "Gucci" | : | **OPINION** |
| | : | |
| | : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the motion filed by Defendant Jose Pena ("Defendant") for a reduction in his sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The United States of America (the "Government") has opposed the motion. The Court has considered the papers submitted and, for the following reasons, will deny the motion.

### I.   BACKGROUND

On November 20, 2019, this Court sentenced Defendant to a 135-month sentence of imprisonment for conspiracy to distribute and possess with intent to distribute a kilogram or more of heroin, in violation of Title 21, United States Code, Section 846, to be followed by five years of supervised release.  (ECF No. 17.)  Evidence collected during the investigation into Defendant's criminal activities included recorded telephone calls in which he, variously, instructed others on how to dispose of evidence in the event he was sent to jail and solicited others to help him beat certain individuals.  (Pena Presentence Report ("PSR") ¶ 8.)  At the time he was arrested, Defendant had in his possession approximately 2.3958 kilograms of heroin along with a stolen Glock 22 firearm, loaded with 13 bullets in a large capacity magazine.  (*See* PSR ¶¶ 19-21.)  At the time of the offense, Defendant had prior convictions for identity theft and two drug convictions involving

the sale of heroin.  (PSR ¶ 57.)  He was on parole for a heroin conviction while he engaged in the conduct that gave rise to the conviction for which he is serving his sentence.  (PSR ¶ 57.)

Defendant is currently housed at FCI Ray Brook, with an anticipated release date of September 12, 2028.  He has served around three years and two months of his federal sentence, approximately 30% of his sentence.  On January 25, 2022, Defendant submitted a motion to this Court for compassionate release requesting that the Court modify his sentence.

## II.   DISCUSSION

Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed" unless one of the enumerated statutory exceptions applies. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825 (2010) (holding that a district court may modify a sentence of imprisonment only in "limited circumstances").  The First Step Act of 2018 provides that a motion for such relief may be brought by either the Director of the Bureau of Prisons (the "BOP") or by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020).  Once an applicant has met the exhaustion requirement,[1] the Court may grant the requested relief if it finds that there are "extraordinary and compelling reasons" to do so as set forth in Section 3582(c)(1)(A)(i).  Pursuant to this provision, a court may reduce a defendant's term of imprisonment if the following conditions are satisfied: (1) there are "extraordinary and

---

[1]      The Government concedes that Defendant has met this requirement.

compelling reasons" which warrant a reduction; (2) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission;" and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate that reducing the defendant's sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A).  While the Sentencing Commission has issued guidance describing the contours of what constitutes "extraordinary and compelling reasons" in the context of a Section 3582(c)(1)(A)(i) motion brought by the BOP, the Court may consider— but is not bound by—this guidance where, as here, the motion is initiated by the defendant.  *U.S. v. Andrews*, No. 20-2768, 2021 WL 3852617, at *1 (3d Cir. Aug. 30, 2021).

### A. "Extraordinary and compelling" circumstances do not exist here.

Defendant bears the burden to establish that he is eligible for a sentence reduction.  *United States v. Rogers*, No. CR 19-49 (SRC), 2021 WL 6049893, at *2 (D.N.J. Dec. 21, 2021).  He has not come close to doing so here.  Nowhere in his 18-page application does he assert with any specificity the grounds on which the Court should grant *him* the relief he requests.  Instead, his argument amounts to a summation of the challenges posed by COVID-19 to inmates and employees at BOP facilities nationwide and a generic recital of the law governing compassionate release.  Defendant fails to include *any* information regarding his medical conditions or history and, let alone explain why they give rise to extraordinary and compelling circumstances under Section 3582(c)(1)(A)(i).  Similarly, he fails to include any mention of how the virus impacts FCI Ray Brook, where he is located.  In the absence of any particularized justification as to how Defendant's circumstances are both extraordinary and compelling, he has failed to meet his burden and his application can be denied on this ground alone.

3

The Government, perhaps out of an abundance of caution, identifies for the Court the grounds on which Defendant last petitioned the BOP to bring a motion for compassionate release on his behalf.  On August 4, 2020, Defendant submitted to the warden of his correctional facility a request for compassionate release based on his asthma and an anxiety disorder.  (Opp. at 3.)  His request was denied.  (*Id.*)  The Government also highlights for the Court that Defendant was offered—but refused—a vaccination against COVID-19.  (*Id.* Ex. A-2 at 91 & 121.)[2]

While the CDC has recognized that "moderate to severe asthma," is a risk factor for COVID-19, mild asthma is insufficient to give rise to the extraordinary and compelling circumstances which Defendant requires here.  *See United States v. Slone*, 2020 WL 3542196, at *6 (E.D. Pa. June 30, 2020) (review of records confirms that asthma is mild; "Mr. Slone does not have daily asthma symptoms, use his inhaler daily, or have abnormal lung function. In February 2020, his chest x-ray showed no pulmonary complications"); *United States v. Davis*, 2020 WL 2488574, at *4 (C.D. Ill. May 14, 2020) ("Although asthma is a risk factor for COVID-19 complications, Defendant does not allege his condition is particularly severe or not controlled with medication.").  Similarly, anxiety is not a high-risk condition for COVID-19.  *See, e.g., United States v. Bednarski*, 2022 WL 80080, at *4 & n.8 (W.D. Pa. Jan. 7, 2022) (noting that anxiety disorder is "not recognized by the CDC as [a] condition[ ] that make individuals more likely to

---

[2]    While the Government acknowledges that Defendant pursued release based on these two conditions, it offers evidence concerning Defendant's medical history which begs the question of whether he genuinely suffers from these ailments.  According to BOP records, Defendant did not begin to complain about asthma-related health issues until well into pandemic—and when other inmates were being released pursuant to the compassionate release statute—and one medical provider noted that Defendant "attempted to make sounds of wheezing" but did not exhibit wheezing.  (Opp. Ex. A-1 at 68–70, 72, 74, Ex. A-2 at 4.)  While Defendant has been diagnosed with anxiety disorder, as of August 2021, he had failed to fill his prescription for the prescribed medication since February 2021.  (*Id.* Ex A-2 at 13.)  Even assuming that Defendant suffers these conditions, they are not enough to grant him the relief he seeks.

become severely ill with COVID-19"); *United States v. Hight*, 2020 WL 5653487, at \*6 (E.D. Pa. Sept. 23, 2020) (anxiety is an insufficient basis); *United States v. Moldover*, 2020 WL 6731111, at \*9–10 (E.D. Pa. Nov. 13, 2020).  His conditions do not amount to grounds sufficient for compassionate release, either individually or collectively.

Furthermore, Defendant refused the Moderna vaccine against COVID-19 which the BOP offered him in March 2021.  (Gov. Mot., Ex. A-2 at 91 & 121)  "Defendant is within his rights to refuse the vaccine, but any corresponding argument that he must be released because of potential complications were he to contract the virus rings hollow."  *United States v. Julien*, 2021 WL 3721596, at \*4 (D.N.J. Aug. 23, 2021) (denying compassionate release despite defendant's pericarditis, asthma, and diabetes because defendant was not vaccinated); *United States v. Medina*, 542 F. Supp. 3d 79, 81–82 (D. Mass. 2021) (denying compassionate release for inmate at FCI Ray Brook who had mild asthma but had refused the COVID-19 vaccine because, as here, "[a]bsent explanation, the refusal calls into question whether he believes he is at high risk of contracting COVID-19 or that it is impossible for him to protect himself from exposure"); *United States v. Sawyers*, 2021 WL 2581412, at \*4 (C.D. Cal. June 22, 2021) ("The glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a defendant's compassionate release motion.").

## B.  The Section 3553(a) factors weigh against Defendant's release.

Even if Defendant could satisfy the extraordinary and compelling standard under 18 U.S.C. § 3582(c)(1)(A)(i), the Section 3553(a) factors weigh against his release.  In conducting this analysis, the Court is required to evaluate, among other things, the "nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to

reflect the seriousness of the offense . . . [and] to protect the public from further crimes of the defendants." 18 U.S.C. § 3553(a).

Defendant's was a serious crime. Defendant engaged in multi-kilogram quantity heroin distribution, which culminated in his arrest with multiple kilograms of heroin and a loaded stolen firearm. Defendant, who prior to the instant offense had already been convicted of multiple felony offenses, has a demonstrated history of disregarding the law and a willingness to commit serious criminal violations: Notably, he committed the offence for which he is currently serving his sentence while on parole for a prior drug-related crime. Perhaps most important of all, the Court remains concerned that Defendant would be a danger to the community if released. In addition to the possession of a stolen firearm loaded with bullets in a large capacity magazine, Defendant was recorded soliciting others to help him beat other individuals, and while in custody Defendant exhibited violent behavior against a BOP medical care provider.

In sum, the interest in protecting the community and deterring Defendant and others from committing crimes of this nature would not be served by relieving him of his sentence.[3]

## III.    CONCLUSION

For the reasons discussed, Defendant's motion for a reduction in sentence will be denied. An appropriate Order will issue.

---

[3]    While the letters of support which Defendant submits in support of his application do not change the Court's conclusion that release is unwarranted, the Court commends Defendant for maintaining a network of support and relationships with individuals who clearly wish him well. The Court encourages Defendant to foster these bonds as he continues his rehabilitative efforts.

/s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  February 22, 2022