NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 19-545 (SRC) |
| v. | : | |
| | : | |
| JOSE PENA a/k/a "Gucci" | : | OPINION |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion filed by Defendant Jose Pena ("Defendant") for a reduction in his sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The United States of America has opposed the motion. The Court has considered the papers submitted and, for the following reasons, will deny the motion.

**I.   Background**

On July 31, 2019, Defendant pled guilty to a conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. At the time of Defendant's arrest, he possessed approximately 2.3958 kilograms of heroin and a stolen Glock 22 firearm, loaded with 13 bullets in a large capacity magazine. (Pena Presentence Report ("PSR") ¶¶ 19-21). Additionally, the investigation into Defendant's conduct revealed a number of telephone calls in which he instructed others to destroy evidence and attack certain individuals. (PSR ¶ 8). Pena had one prior conviction for identity theft and two prior convictions for drug offenses related to heroin. (PSR ¶ 57). He was on parole when he engaged in this conduct. (PSR ¶ 57). On November 20, 2019, this Court sentenced Defendant to a term of 135 months of imprisonment followed by five years of supervised release. (ECF No. 18). He is currently incarcerated at FCI Ray Brook, with an anticipated release date of September 12, 2028.

Starting in 2020, Defendant has filed several papers seeking relief from his term of imprisonment. First, on July 6, 2020, Defendant filed a paper detailing concerns related to COVID-19 and mental health issues, although it did not identify a statutory or constitutional basis for relief. (ECF No. 21). The Court construed the filing as a motion that Defendant needed to have filed in the district in which he resided, and it denied the motion for lack of venue. (ECF No. 23). Next, on January 31, 2022, Defendant filed a sentence reduction motion pursuant to § 3582. (ECF No. 24). The Court denied this motion because it failed to state an extraordinary and compelling circumstance justifying relief. The filing only discussed general concerns related to COVID-19 in prisons and the operation of the Bureau of Prisons ("BOP"). Furthermore, the Court concluded that even if Defendant stated an extraordinary and compelling circumstance, a sentence reduction would not be appropriate in light of the 18 U.S.C. § 3553(a) sentencing factors. (ECF No. 27). Defendant filed two additional letters, which were received on March 4, 2022 (ECF No. 29) and March 17, 2022 (ECF No. 31). The Court construed these letters as supplementary filings to Defendant's January 31 motion, and concluded they contained no facts or arguments that changed the outcome of the motion. (ECF No. 30, 32). On September 17, 2022, Defendant filed a letter requesting an attorney to file another § 3582 motion. (ECF No. 33). The Court denied Defendant's request because his letter failed to establish any particularized, personal circumstances that would warrant relief pursuant to § 3582. (ECF No. 34). On December 6, 2022, Defendant filed the § 3582 motion presently before the Court.

**II.    Discussion**

Defendant has moved for "immediate release" pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 35). A defendant moving for a sentence reduction pursuant to § 3582 must first meet

2

the statute's exhaustion requirement.[1]  The requirement is satisfied by requesting to the warden that BOP file a sentence reduction motion and either fully pursuing an administrative appeal of the warden's decision or waiting 30 days from the warden's receipt of the request.  United States v. Doolittle, No. 19-501, 2020 WL 4188160, at *2 (D.N.J. July 21, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  Defendant asserts he has satisfied the exhaustion requirement, which the Government does not dispute.  (ECF No. 35 at 3; ECF No. 37).

This Court may reduce a defendant's sentence if it concludes "there are 'extraordinary and compelling reasons' which warrant a reduction" and "the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate that reducing the defendant's sentence would be appropriate."  United States v. Jones, No. 14-463, 2021 WL 3732877, at *2 (D.N.J. Aug. 24, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  The burden of making this showing lies with the defendant.  United States v. Epstein, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020).  In showing "extraordinary and compelling circumstances," a defendant should show the existence of "uncommon circumstances" such that "continued imprisonment would result in a significant collateral or secondary harm to the defendant."  United States v. Andrews, 480 F. Supp. 3d 669, 684 (E.D. Pa. 2020).  Courts also find guidance in the policy statements issued by the United States Sentencing Commission.  While these policy statements explicitly limit BOP-initiated motions, the Third Circuit has held they are merely persuasive authority for defendant-initiated motions.  United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021).  Courts often rely on these policy statements

---

[1] Courts often use the terms "compassionate release" and "sentence reduction" interchangeably to refer to relief pursuant to § 3582.  Ultimately, the relief provided by § 3582 is some reduction in a moving defendant's sentence.  While Defendant requests immediate release, this Opinion will use the term "sentence reduction," unless quoting authority using the term "compassionate release."

because they "shed[] a reliable light on the enacting Legislature's understanding of [an] otherwise ambiguous term[]." Id. at 260 (quoting Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 568 (2005)) (second and third alterations in original).

Defendant raises several issues that he contends constitute extraordinary and compelling circumstances. Many of the arguments were presented in prior motions.[2] The Court has reviewed these arguments and concludes they lack merit for the same reasons expressed in prior Opinions. (ECF No. 27, 30, 32). The Court now turns to Defendant's arguments that were not presented in prior motions or letters.

Defendant raises several health-related concerns. The policy statements of the Sentencing Commission provide specific guidance for determining whether a medical condition meets the extraordinary and compelling standard. The guidance provides that a non-terminal condition may meet this standard when:

> (ii) The defendant is
>     (I)    suffering from a serious physical or medical condition,
>     (II)   suffering from a serious functional or cognitive impairment, or
>     (III)  experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[2] Specifically, Pena asserts the following issues, all of which appeared in prior motions and filings, constitute extraordinary and compelling circumstances: conditions in Defendant's prison; staffing concerns within Defendant's prison and BOP at large; risk of transmission of COVID-19; the risk COVID-19 complications due to Defendant's asthma; and certain mental health concerns, principally anxiety.

United States Sentencing Guidelines § 1B1.13 n.(1)(A)(ii). This guidance, while non-binding in this context, helps inform the meaning of the extraordinary and compelling standard. Andrews, 12 F.4th at 260.

Defendant asserts that his history of cigarette and marijuana smoking puts him at greater risk of COVID-19 complications. Defendant previously asserted mild asthma was an extraordinary and compelling circumstance because it similarly increased COVID-19 risk, an argument the Court rejected.[3] Like asthma, smoking cigarettes can increase the likelihood of developing complications from COVID-19.[4] See People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 10, 2023). Nothing in the record, however, suggests Defendant's history of smoking places him at a significantly higher risk of COVID-19 complications than others in the prison. Defendant bears the burden of showing these risks are extraordinary and compelling. Furthermore, Defendant's assertion that his smoking history is a significant risk factor is undercut by the fact he did not raise the issue in prior filings.

As explained in prior Opinions, Defendant's refusal to receive the COVID-19 vaccination further undercuts his argument that his health conditions put him at a significantly heightened risk

---

[3] "While the CDC has recognized that 'moderate to severe asthma,' is a risk factor for COVID-19, mild asthma is insufficient to give rise to the extraordinary and compelling circumstances which Defendant requires here." (ECF No. 27 at 4). The Court also noted there was some doubt surrounding Defendant's asthma condition: "Defendant did not begin to complain about asthma-related health issues until well into pandemic—and when other inmates were being released pursuant to the compassionate release statute—and one medical provider noted that Defendant 'attempted to make sounds of wheezing' but did not exhibit wheezing." (ECF No. 27 at 4 n.2).

[4] The CDC does not identify marijuana smoking as a COVID-19 risk factor. See People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 10, 2023).

of COVID-19 complications. "Defendant is within his rights to refuse the vaccine, but any corresponding argument that he must be released because of potential complications were he to contract the virus rings hollow." United States v. Julien, No. 20-765, 2021 WL 3721596, at *4 (D.N.J. Aug. 23, 2021); see also United States v. Sawyers, No. 15-00070, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021) ("The glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a defendant's compassionate release motion."). Defendant argues in his brief that there is no evidence that COVID-19 vaccines will "stop anyone from being infected." (ECF No. 35 at 8). While vaccines may not totally eliminate the risk of COVID-19 transmission and complications, the weight of medical evidence is that vaccines are "effective at protecting people from getting seriously ill, being hospitalized, and dying." See Stay Up to Date with COVID-19 Vaccines Including Boosters, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html (updated Jan. 25, 2023). Defendant has the right to refuse the COVID-19 vaccination and accept the risks posed by that decision. That risk, however, cannot justify relief under § 3582.

Defendant also raises health concerns related to hypertension and long COVID. Defendant does not explain how these conditions affect him individually. Nor does he explain how continued imprisonment affects these conditions in a manner that would warrant a sentence reduction. If Defendant is asserting these conditions increase his likelihood of future COVID-19 complications, that argument fails for the same reasons his argument related to cigarette smoking fails: he does not assert these conditions significantly increase his risk of COVID-19 complications, and such an argument would be undercut by his choice to reject a COVID-19 vaccination. If he asserts these conditions by themselves constitute extraordinary and compelling circumstances, he fails to

6

provide any information on the severity of these conditions or how they impact his ability to care for himself within the prison.  See Andrews, 480 F. Supp. 3d at 684; United States Sentencing Guidelines § 1B1.13 n.(1)(A)(ii).  Therefore, Defendant does not meet the necessary and compelling standard.

Defendant asserts he suffers from post-traumatic stress disorder ("PTSD") and has been "prescribed medication for depression." (ECF No. 35 at 14-15).  Defendant asserts that periodic institutional lockdowns have worsened his mental health conditions.  Further, Defendant asserts he does not have access to adequate mental health treatment at the prison.

Defendant's prior filings have discussed his history with mental health issues and his access to medical treatment while incarcerated. (ECF No. 21; ECF No. 24 at 7, 18, 21; ECF No. 29 at 2, 4).  The Court denied Defendant relief after considering these filings.[5]  (ECF Nos. 23, 27, 28, 30). To the extent Defendant presents new issues, he does not meet his burden of demonstrating these issues constitute extraordinary and compelling circumstances.  The impact of COVID-19 on mental health and the availability of certain mental health resources are, without more, still generalized concerns.  The Court recognizes Defendant's history of mental health conditions and Defendant asserts new, specific mental health conditions in this motion.  However, there are no details about how these conditions impact him that enable the Court to conclude they constitute extraordinary and compelling circumstances.  This standard requires showing very serious conditions that Defendant cannot appropriately manage in the context of a prison and that continued imprisonment significantly harms him in an unanticipated manner distinct from other

---

[5] Defendant also twice petitioned his warden to bring a sentence reduction motion on his behalf due to mental health concerns.  These requests were both denied.  (ECF No. 25 at 9).

inmates.  See Andrews, 480 F. Supp. 3d at 684; United States Sentencing Guidelines § 1B1.13 n.(1)(A)(ii); see also United States v. Famelli, No. 16-110, 2022 WL 1266639 (D.N.J. Apr. 28, 2022) (discussing how the extraordinary and compelling standard is applied to mental health issues, specifically addiction).  Because he has not made this showing, Defendant has not established his mental health conditions are extraordinary and compelling circumstances.

Defendant asserts his post-conviction rehabilitation constitutes an extraordinary and compelling circumstance.  However, Congress is clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).  Therefore, Defendant's arguments related to his post-conviction rehabilitation lack merit.

Finally, the Court is not persuaded that any of Defendant's new or old arguments together constitute extraordinary and compelling circumstances.  Even if the Defendant could satisfy the extraordinary and compelling standard, the § 3553(a) factors weigh against his release for the same reasons stated in prior Opinions.  (ECF No. 27 at 5-6).  Specifically, Defendant committed a serious crime, has a significant criminal history, has served only a minor portion of his sentence, and may be a danger to the community if released.

### III. Conclusion

For the foregoing reasons, the Court will deny Defendant's motion.  An appropriate order will be filed.

  s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  February 28, 2023

8